Filed 6/17/21  P. v. Kasianov CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092387 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE011597) |
| v. | |
| OLEKSANDR KASIANOV, | |
| Defendant and Appellant. | |

A jury found defendant Oleksandr Kasianov guilty of four crimes committed against his wife, the specifics of which are not relevant to the issue on appeal.  The trial court sentenced him to an aggregate term of six years 10 months in prison.  We upheld defendant's convictions in an unpublished decision but remanded with directions to the trial court to impose sentence on count four and to specify the statutory bases and amounts of all fines, fees, and assessments imposed.  (*People v. Kasianov* (Aug. 19, 2019, C086912) [nonpub. opn.].)

1

On remand, the trial court imposed the midterm of four years for count two and then stayed that sentence in accordance with Penal Code section 654. However, rather than specifying the statutory bases for the fines and fees as directed, the trial court purported to waive all fines, stating: "With respect to the fines the court previously imposed, at this time the Court will waive payment of those fines because of defendant's indigency." The court then reimposed defendant's previous sentence in all other respects.

Defendant personally filed a notice of appeal, which was deemed timely by this court under a constructive filing doctrine. On appeal, the parties agree that the abstract of judgment requires correction. We agree with the parties.

## DISCUSSION

Defendant's unopposed request on appeal is that we direct the trial court to correct the amended abstract of judgment, which erroneously lists orders to pay various fines, fees, and assessments that were not orally imposed (and indeed were explicitly "waived," at least as to fines) on remand. We may direct the trial court to correct the clerical errors, and we agree that direction and correction is necessary here. (*People v. Mitchell* (2001) 26 Cal.4th 181,185 [appellate court may order correction of clerical errors reflected in abstract of judgment so that the abstract reflects the oral pronouncement of judgment].)

**DISPOSITION**

The trial court is directed to correct the clerical errors on the abstract of judgment to conform with the oral pronouncement of sentence and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

/s/

Duarte, J.

We concur:

/s/

Raye, P. J.

/s/

Krause, J.

3